IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT SLOAT, <br> # 07294-025, <br><br>        Petitioner, <br><br> vs. <br><br> T. G. WERLICH, <br><br>        Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> )   Case No. 20-cv-0200-SMY <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Robert Sloat, a federal prisoner incarcerated at FCI Greenville, filed this habeas corpus action pursuant to 28 U.S.C. § 2241. The case is now before the Court for preliminary review of the Petition pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."[1]

Sloat alleges that he was denied due process in prison disciplinary proceedings which resulted in, among other penalties, a loss of good conduct credit. Inmates in the custody of the Bureau of Prisons can challenge the loss of good conduct credit by way of a petition for habeas relief pursuant to 28 U.S.C. §2241. *Jackson v. Carlson*, 707 F.2d 943, 946 (7th Cir. 1983).

Given the limited record, it is not plainly apparent that Sloat is not entitled to habeas relief. Without commenting on the merits of Sloat's claims, the Court concludes that the Petition survives

---

[1] Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

preliminary review under Rule 4 and Rule 1(b), and a response shall be ordered.

**Disposition**

**IT IS HEREBY ORDERED** that Respondent shall answer or otherwise plead on or before **May 5, 2020**.[2] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

Sloat is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification must be done in writing and no later than 7 days after a transfer or other change in address occurs. Failure to provide notice may result in dismissal of this action. See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 6, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

---

[2] The response date ordered here is controlling. Any date that the Case Management/Electronic Case Filing system should generate during this litigation is a guideline only. *See* SDIL-EFR 3.