# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT SLOAT, | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 20-cv-200-SMY |
| | ) |
| ERIC WILLIAMS, | ) |
| Warden, FCI-Greenville, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Robert Sloat, an inmate in the Bureau of Prisons (BOP), filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 to challenge the imposition of disciplinary sanctions against him. Respondent filed a Response to the Petition (Doc. 16); Sloat filed a Reply (Doc. 18). For the following reasons, the Petition will be **DENIED**.

### Background

Sloat was convicted in the Southern District of Illinois for conspiracy to distribute and intent to distribute more than 500 grams or more of a mixture and substance containing methamphetamine, and was sentenced to 297 months consisting of 324 months minus 27 months credit for time served in related state cases. *See United States v. Sloat*, Case No. 06-cr-40057-JPG-9 (S.D. Ill.) (Doc. 269). Sloat's projected release date is July 29, 2023.[1]

The disciplinary incident giving rise to this action occurred while Sloat was incarcerated at the FCI-Greenville.[2] According to the Incident Report (Doc. 16-2, pp. 64-65), on April 11,

---

[1] According to public information on the BOP website, Sloat is currently scheduled for release on July 29, 2023. Https://www.bop.gov/inmateloc/ (Last visited July 13, 2022).
[2] Sloat named the warden of that institution as the Respondent herein even though Sloat has since been transferred to Leavenworth USP (Doc. 21). *See al-Marri v. Rumsfeld,* 360 F.3d 707, 712 (7th Cir. 2004) (explaining that

2019, BOP Religious Services Assistant Carrie Sellers searched Cell 125 in Housing Unit B at FCI-Greenville. Sloat and Inmate Michael Robinson were assigned to this cell. Sellers drafted and signed a memorandum regarding the results of the search that stated as follows:

> "On 4/11/2019, at approximately 10:30 AM, Religious Services Assistant Selers conducted a cell search in Housing United 4B cell 125 belonging to Inmate Robinson, Michael Reg. No. 31932-044 and Sloat, Robert Reg. No. 07294-025. I recovered one (1) full piece of white lined notebook paper with faded blue lines on one side; and the number 125 written 4 times attached to the handle of a small broom in the common area of the cell." (Doc. 16-2, p. 66).

The notebook paper was released to the Special Investigate Services (S.I.S.) Technician J. Serio who tested the paper using a narcotic identification kit (NIK test) and completed the Incident Report, charging Sloat with a violation of Prohibited Act 113 – possession of any narcotics, and noting:

> "On 4/11/2019, at approximately 10:30 AM, Religious Services Assistant C. Sellers conducted a cell search in inmate cell 125. During the search (1) sheet of white paper, soaked in an unidentified substance, was found rolled up and hidden inside the handle of a dust pan located in the common area of cell 125. Cell 125 has (2) inmate occupants, Sloat, Robert, Reg. No. 07294-0125 and Robinson, Michael, Reg. No. 31932-044. The paper, with the unidentified substance was released to the SIS department.
>
> I tested the sticker with NIK test kit A, resulting in a positive test for opium alkaloids (purple color). I proceed to NIK test kit U, resulting in a negative test for methamphetamine (burgundy color). I concluded with NIK test kit K, resulting in a positive test for buprenorphine (purple color)." (Doc. 16-2, p. 64).

Lt. Ki. Dugdale gave Sloat a copy of the Incident Report on April 24, 2019 (Doc. 16-2, p. 65).

All incident reports are reviewed by a Unit Discipline Committee ("UDC"). 28 C.F.R. §541.7. The UDC has several options when reviewing an incident report, including a referral of the report to the Disciplinary Hearing Officer ("DHO") for further review, based on the seriousness of the prohibited act charged. *Id.* If the UDC refers the incident report to the DHO for further

---

jurisdiction over a habeas corpus petition is determined when the petition is filed even if an inmate is subsequently transferred).

review, the UDC will advise the inmate of his rights at the upcoming DHO hearing, as set forth in 28 C.F.R. §541.8.

On April 25, 2019, the UDC provided Sloat with a Notice advising him that a hearing would be scheduled before a DHO and outlining his rights with respect to the hearing (Doc. 16-2, p. 74). Sloat signed acknowledgement of the Notice (*Id.*). He indicated that he did not wish to have a staff representative or call any witnesses at the hearing (Doc. 16-2, p. 76).

On May 9, 2019, the hearing was convened by DHO Michael Puckett, but postponed due to a discrepancy in the Incident Report as to whether Serio tested paper or a sticker for drugs. After a request for clarification by DHO Puckett, Serio submitted an electronic statement stating that he tested "white paper" (Doc. 16-2, p. 83).

The hearing was reconvened on May 24, 2019 (Doc. 1, pp. 10-12). Sloat raised several objections and arguments during the hearing:

- That the item was not a sticker;
- That there was a discrepancy as to whether the paper was found on the broom handle or hidden in a dustpan;
- That the item wasn't his and was in his cell when he moved in; and,
- That he wanted lab results. (*Id.*).

DHO Puckett considered and rejected Sloat's arguments in his report, finding:

- The item was clearly a piece of paper as reflected in Sellers' memorandum, Serio's photographs, and Serio's amended incident report;
- The item was clearly found in the common area of the cell;
- The item was found in a search of the cell and when an item is found in the cell's common areas, all inmates are held accountable; and,
- The staff conducted the NIK tests following proper procedures so that lab tests were not necessary. (*Id.*).

He ultimately found Sloat guilty as charged and sanctioned him to 41 days of lost good time credit (*Id.*).

Sloat filed a Regional Administrative Remedy Appeal, which was denied (Doc. 1, pp. 14-15). He then filed a Central Office Administrative Remedy Appeal raising two arguments: that he did not know the paper was contraband and that the BOP Program Statement 6060.08 does not authorize the use of narcotic identification kit (NIK) testing as the basis for a disciplinary action. (Id.). The Central Appeal was also denied (Doc. 1., p. 18).

## Discussion

Sloat contends that there were "conflicting" and "misleading" statements and errors throughout the disciplinary action including: "sticker" versus "paper", "broom handle" versus "dustpan", and that the paper belonged to his cellmate and was not obviously contraband, and that refusal to have the paper tested in an outside laboratory should be rejected under the Seventh Circuit precedent.

BOP inmates may challenge the loss of good conduct credit through a petition for *habeas* relief pursuant to 28 U.S.C. §2241. *Jackson v. Carlson*, 707 F.2d 943, 946 (7th Cir. 1983). While inmates retain due process rights in connection with prison disciplinary proceedings, such proceedings "are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Rather, the following due process requirements apply to such proceedings: (1) receipt of written notice of the charges in advance of the hearing; (2) an opportunity to be heard before an impartial decision maker; (3) the right to call witnesses and present evidence where the same will not be unduly hazardous to safety or correctional goals; and, (4) a written statement as to the evidence relied on and the reason for the decision. *Wolff*, 418 U.S. at 564-66; *Henderson v. U.S. Parole Commission*, 13 F.3d 1073, 1077 (7th Cir. 1994).

The findings of the disciplinary hearing officer must be supported by "some evidence in the record." *Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *see also Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). The Court does not reweigh the evidence or determine credibility. *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). Nor does the Court "assess the comparative weight of evidence underlying the disciplinary board's decision." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). The "relevant question is whether there is *any* evidence in the record that *could* support the conclusion reached by the disciplinary board." *Id.* (*quoting Hill*, 472 U.S. at 455-56 (emphasis in original)). As such, the Court can overturn the decision "only if no reasonable adjudicator could have found [petitioner] guilty of the offense on the basis of the evidence presented." *Henderson*, 13 F.3d at 1077.

Before the Court can consider a claim for habeas relief, the petitioner must exhaust administrative remedies. *Jackson*, 707 F.2d at 949; *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997). To satisfy this requirement, a legal contention or argument must be presented at each administrative level. *Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002) *citing O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).

Sloat failed to fully exhaust his first three arguments through the final level of the administrative appeal process. He raised his argument that the report referred to sticker, not paper, on the Regional Administrative Remedy Appeal, but not on his Central Office Administrative Remedy Appeal. Sloat did not contest the use of narcotic identification kit (NIK) testing as the basis for a disciplinary action until the Central Office Administrative Remedy Appeal. He did not raise the broom handle issue at any level of appeal. Accordingly, this Court will not consider these arguments.

The only issue Sloat raised at each level of administrative review and appeal was that the paper belonged to his cellmate and was not obviously contraband. Specifically, he argues that upon moving into a new cell, he should be free from any contraband within that cell. But Sloat was not "new" to cell 125 as he argues; he had been in cell 125 since December 20, 2018 (Doc. 16-3). Moreover, the DHO report notes:

> "Although your cellmate testified that the drugs belonged to him, the drugs were found in a common area of the cell. All inmates assigned to the cell are responsible for ensuring their cell is free of contraband. When items are found in common areas, all inmates are held accountable. Statement from other inmates are found credible when there is corroborating evidence in conjunction with the admission. In this case there is no corroborating evidence to support that the drugs are solely your cellmates." (Doc. 1, p. 11).

Multiple offenders may have control over a space and n be in possession of contraband. *See Arnold v. Sherrod*, 2009 WL 1542794 (S.D. Ill. June 2, 2009) ("some evidence" existed to support charge of possession of drugs found in inmate's cell, even though inmate shared the cell with two other inmates on basis that the inmate "had the responsibility to keep his cell area free of contraband"); *Giles v. Hanks*, 72 F. App'x 432, 433-34 (7th Cir. 2003) (one cellmate's statement of ownership of property would not preclude other cellmate's possession of the same property because two individuals may exercise joint possession). As such, the DHO had "some evidence" to support the charge for possession of drugs found in Sloat's cell, and his finding in that regard did not amount to a due process violation.

## Conclusion

For the foregoing reasons, Sloat's Petition for *Habeas* Relief under 28 U.S.C. §2241 (Doc. 1) is **DENIED**; this case is **DISMISSED with prejudice**. The Clerk is **DIRECTED** to enter judgment accordingly and to close the case.

If Sloat wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 30 days after the entry of the judgment. Fed. R. App. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

A motion for leave to appeal in forma pauperis ("IFP") must set forth the issues Petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Sloat does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. See Fed. R. App. P. 3(e); 28 U.S.C. §1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED:** December 9, 2022

**STACI M. YANDLE**
**United States District Judge**